UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARNOLD FREDERICK HAMILTON-EL, | Case No. 3:26-cv-05074-TMC |
| Plaintiff, | ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 |
| v. | |
| JOHN DOE 1-10 et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court is self-represented Plaintiff Arnold Hamilton-El's complaint. Dkt. 4. Mr. Hamilton-El's request to proceed *in forma pauperis* ("IFP") was granted as to the financial criteria, Dkt. 3, but this Court must also review the complaint under 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not allege enough facts in support of the claims, Mr. Hamilton-El is ORDERED to file a proposed amended complaint no later than April 13, 2026. If he fails to do so, or if the amended complaint has the same defects, his case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

## II.    LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 1

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

A self-represented plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the plaintiff must explain to the Court the underlying facts that, if true, would show that the defendant has violated their legal rights—such as the who, what, where, when, and why of the alleged violation. Unless it is clear a self-represented plaintiff cannot fix the problems in their complaint by providing additional facts, the Court will provide the plaintiff with an opportunity to amend the complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010))).

### III.   DISCUSSION

Mr. Hamilton-El alleges that his constitutional rights were violated when he was ordered released from prison on March 21, 2025, but unknown DOC officials "failed to timely execute

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 2

the court's release order" and "Plaintiff remained confined without lawful authority until March 26, 2025, when he was released from Airway Heights Correctional Center." Dkt. 4 at 2.

To state a claim for relief under Section 1983, a plaintiff must show: (1) that he or she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the causation requirement of Section 1983, a plaintiff must demonstrate that a defendant caused the alleged deprivation by doing an affirmative act, participating in another's affirmative act, or failing to perform an act which he or she was legally required to do. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A Section 1983 "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under Section 1983." *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under Section 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

Mr. Hamilton-El may be able to prove a constitutional violation if he can show that prison officials acted with deliberate indifference to the resentencing order or violated his due process rights when failing to implement it. *See Haygood v. Younger*, 769 F.2d 1350, 1354–56 (9th Cir. 1985); *Stein v. Ryan*, 662 F.3d 1114, 1119 (9th Cir. 2011) ("Prison officials have the duty to execute the sentencing orders delivered by the courts."). But to do that, he must explain

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 3

the role that each individual defendant played in violating his rights. If Mr. Hamilton-El does not yet know the identities of each defendant, he may use a "Doe" designation to refer to them, but "he must number each such Doe defendant in the complaint, *e.g.*, 'John Doe 1,' 'John Doe 2,' so that each numbered John Doe refers to a different person, and explain the specific action(s) each John Doe took, when that action was taken, and how that action resulted in injury or harm" to Mr. Hamilton-El. *Rhodes v. Lawrence*, No. 3:24-cv-00267-SLG, 2025 WL 1067235, at *3 (D. Alaska Apr. 8, 2025); *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Furthermore, without at least one named Defendant, the Court cannot serve the complaint on Mr. Hamilton-El's behalf, nor is there any defendant from whom Mr. Hamilton-El can potentially discover the other defendants' identities. *See Gillespie*, 629 F.2d at 642–43 (discussing use of interrogatories to determine identity of Doe defendants). It may be very difficult for Mr. Hamilton-El to proceed with his case if he does not first conduct his own investigation of his DOC records to identify at least one plausible defendant.

## IV.   CONCLUSION

Mr. Hamilton-El is directed to file a proposed amended complaint no later than April 13, 2026. The amended complaint must include a short, plain statement of the (1) the legal claims asserted against each Defendant; (2) the specific facts Mr. Hamilton-El believes support those legal claims, including how each Defendant violated his constitutional rights; and (3) the relief requested. Otherwise, the Court will dismiss the complaint and close the case.

The Court encourages Mr. Hamilton-El to consult the Court's resources for self-represented litigants at https://www.wawd.uscourts.gov/representing-yourself-pro-se. To the extent he wishes to seek assistance with this matter, Mr. Hamilton-El may also contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 4

procedures or preparing case documents. Participation is voluntary and the Clinic operates independently from the Court. To request an appointment, Plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message. In Tacoma, Plaintiffs may request an appointment by calling 253.368.6690.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 5