UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARNOLD FREDERICK HAMILTON-EL,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE 1-10 et al.,<br><br>Defendants. | Case No. 3:26-cv-05074-TMC<br><br>ORDER DISMISSING CASE UNDER 28 U.S.C. § 1915(E)(2)(B) |

## I. INTRODUCTION

Before the Court is self-represented Plaintiff Arnold Hamilton-El's amended complaint. Dkt. 9. Mr. Hamilton-El's request to proceed *in forma pauperis* ("IFP") was granted as to the financial criteria, Dkt. 3, but this Court must also review the complaint under 28 U.S.C. § 1915(e)(2)(B). Because the law does not allow constitutional claims against either the prosecutor or the defense attorney who participated in Mr. Hamilton-El's resentencing, the Court must dismiss his claims with prejudice.

## II. LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

A self-represented plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the plaintiff must explain to the Court the underlying facts that, if true, would show that the defendant has violated their legal rights—such as the who, what, where, when, and why of the alleged violation. Unless it is clear a self-represented plaintiff cannot fix the problems in their complaint by providing additional facts, the Court will provide the plaintiff with an opportunity to amend the complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010))).

**III. DISCUSSION**

After review of Mr. Hamilton-El's first complaint, the Court directed him to file an amended complaint that explained the role each defendant played in violating his constitutional rights. Dkt. 6 at 4. Mr. Hamilton-El filed an amended complaint that identified two defendants:

Lisa Wagner, the prosecutor who appeared in his resentencing proceedings; and Chandra Carlisle, who was appointed to represent Mr. Hamilton-El in his resentencing proceedings. Dkt. 9 at 1. Mr. Hamilton-El alleges that because of Wagner and Carlisle's actions in those proceedings, his resentencing was delayed for nearly four years, violating his due process rights under the Fourteenth Amendment. *Id.* at 3.

These allegations do not state a sufficient claim for relief for two reasons. First, prosecutors such as Wagner have absolute immunity for actions they take "when serving as an advocate in judicial proceedings." *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). This encompasses her role in Mr. Hamilton-El's resentencing. Second, appointed attorneys such as Carlisle are not acting "under color of state law" when performing "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" for purposes of being sued for constitutional violations under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Because neither of these legal defects could be cured by amending the complaint, Mr. Hamilton-El's claims against Wagner and Carlisle must be dismissed with prejudice.

## IV. CONCLUSION

Mr. Hamilton-El's amended complaint (Dkt. 9) is DISMISSED WITH PREJUDICE. The pending motion for service (Dkt. 12) is DENIED AS MOOT.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of July, 2026.

Tiffany M. Cartwright
United States District Judge